IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: DONALD BRIAN DOLPH, | 08-CV-1511-BR |
| Debtor. | BR Case No. 04-37320-rld13<br>Adv. Proc. No. 07-03326-rld |
| JIM J. SCHACHER, in his capacity as Personal Representative of the Estate of PATRICIA M. SCHACHER, | OPINION AND ORDER |
| Appellant, | |
| v. | |
| DONALD BRIAN DOLPH, | |
| Appellee. | |

RICHARD J. PARKER
Parker Bush & Lane, P.C.
1336 E. Burnside St.
Suite 200
Portland, OR 97214
(503) 241-7700


1 - OPINION AND ORDER

**THEODORE E. SIMS**
Sims & Sims
522 S.W. Fifth Avenue
Suite 1100
Portland, OR 97204
(503) 228-8583

      Attorneys for Appellant

**BRIAN E WHEELER**
3939 N.E. Hancock St
#304
Portland, OR 97212
(503) 284-0994

      Attorney for Appellee

**BROWN, Judge.**

    This matter comes before the Court on appeal from a judgment of the Bankruptcy Court for the District of Oregon in a Chapter 13 proceeding. Appellant Jim J. Schacher, acting as personal representative for the Estate of Patricia Schacher, objected to referral of this matter to the Bankruptcy Appellate Panel and elected to have the appeal reviewed by this Court. The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

    This Court reviews the Bankruptcy Court's conclusions of law *de novo*. *See In re Federated Group, Inc.*, 107 F.3d 730, 732 (9th Cir. 1997)(citation omitted). *See also In re Daniels-Head & Assoc.*, 819 F.2d 914, 918 (9th Cir. 1987). The Court reviews the Bankruptcy Court's factual findings under a "clearly erroneous" standard. *See In re Triple Star Welding*, 324 B.R. 778, 788 (9th

2 - OPINION AND ORDER

Cir. BAP 2005). *See also* Fed. R. Bank. P. 8013. Finally, the Court reviews the Bankruptcy Court's exercise of its equitable power under an abuse of discretion standard. *See In re Sasson*, 424 F.3d 864, 867 (9th Cir. 2005).

Appellant is the duly appointed personal representative of the Estate of Patricia M. Schacher in Multnomah County Circuit Court Case No. 0308-91347 filed in August 2003. Patricia Schacher was the mother of Appellee Donald Brian Dolph and the stepmother of Jim Schacher. Patricia Schacher married William Schacher in June 1970.

On November 14, 1988, William and Patricia Schacher entered into an Agreement to Execute Wills that provided if one predeceased the other, all property of the deceased spouse would pass to the survivor. Upon the death of the survivor, the probate estate would be allocated one-third to Patricia Schacher's three children and two-thirds to William Schacher's children. The Agreement to Execute Wills also provided "[e]ach of the parties agree[s] that no modification shall be made to the provisions contained in their joint Wills except by written agreement."

On November 14, 1988, Patricia and William Schacher also executed Wills consistent with the provisions of the Agreement to Execute Wills.

On February 4, 1992, William Schacher died. At that time,

3 - OPINION AND ORDER

the Agreement to Execute Wills and the Wills had not been amended.

On March 3, 1992, Patricia Schacher executed a codicil to her Will appointing Dolph as the personal representative of her estate and removing William Schacher's daughter as personal representative.

On February 2, 2001, Patricia Schacher signed a second codicil to her Will providing for distributions of $30,000 each to Dolph and Patricia Schacher's daughter, Marilyn Feik, before any distributions to William Schacher's children. The second codicil noted Patricia Schacher already had distributed $30,000 to her other daughter, Janice Churchill.

From 1995 until her death in 2003, Patricia Schacher made various monetary distributions to Dolph totaling $75,111.70. On July 3, 2003, Patricia Schacher died. On October 3, 2003, Jim Schacher was appointed as personal representative of Patricia Schacher's estate after contested proceedings in probate court. Ultimately Jim Schacher in his capacity as personal representative of the estate of Patricia Schacher brought a probate action against Dolph and his sisters in Multnomah County Circuit Court for damages of $230,252.60, including a claim against Dolph individually for $75,111.70.

On July 8, 2004, before the probate action went to trial, Dolph filed a Chapter 13 bankruptcy petition. In his schedule of

4 - OPINION AND ORDER

unsecured claims, Dolph listed Jim Schacher's claim as undisputed and identified the amount as $75,112.  Jim Schacher, in his capacity as personal representative, filed a Proof of Claim in Dolph's bankruptcy in which he listed the principal amount of the claim against Dolph as $65,111.70 plus $10,000 for a Series EE bond in Dolph's name.  In the Proof of Claim, Jim Schacher also estimated the "Total Net Value of the [Probate] Estate" as $438,808.61 to be split as follows:  two-thirds to William Schacher's children and one-third to Dolph and his two sisters.  Accordingly, Dolph's proper share of Patricia Schacher's estate pursuant to the Proof of Claim was one-third of $146,254.91 or $48,751.64.

On December 15, 2006, the Multnomah County Circuit Court entered a judgment in favor of Jim Schacher against Feik in the amount of $88,319.97 plus interest.  The record does not reflect whether Jim Schacher has collected any money from Feik.

As of June 2008, Dolph had completed payments under his confirmed Chapter 13 plan.  Patricia Schacher's Estate has received payments of $14,519.99 on Dolph's bankruptcy claim and $10,000 on the Series EE bond in Dolph's name.  Patricia Schacher's Estate has not filed any objection to Dolph's payments or to receipt of the Series EE bond.

On June 11, 2008, United States Bankruptcy Judge Randall Dunn entered a Memorandum Opinion in Dolph's bankruptcy case in

5 - OPINION AND ORDER

which he concluded (1) the pursuit of a constructive-trust remedy against Dolph by Patricia Schacher's Estate was not barred by laches, (2) Patricia Schacher's Estate was not entitled to prejudgment interest on its claims against Dolph, (3) Patricia Schacher's Estate met its burden of proof to establish the bankruptcy court should impose a constructive trust, and (4) a constructive trust should be imposed on Dolph's residence in the amount of $1,840.07.  On July 24, 2008, the Bankruptcy Court entered a judgment secured by a lien on Dolph's personal residence in the amount of $1,840.07 in favor of Patricia Schacher's Estate and against Dolph and bearing interest at the "federal rate."

Jim Schacher objects to Judge Dunn's use of the value of Patricia Schacher's Estate as listed in the Proof of Claim as a basis to determine Dolph's share of the Estate, however, neither party presented any evidence of a different value to apply to the Estate after Jim Schacher in his capacity as the personal representative for Patricia Schacher's Estate filed a Proof of Claim that included the estimated value of the Estate. Accordingly, the Court concludes Judge Dunn's factual finding as to the value of Patricia Schacher's Estate and Dolph's share was not clearly erroneous.

In addition, the parties did not dispute Dolph had paid $14,519.99 to Patricia Schacher's Estate under his Chapter 13

6 - OPINION AND ORDER

payment plan or that the Estate received $10,000 for the Series EE bond.  Here the Court concludes Judge Dunn did not abuse his discretion in the exercise of his equitable power when he offset the amounts the Estate received from Dolph from the amount of the constructive trust he imposed against Dolph's residence.

This Court has reviewed the record *de novo* and concludes Judge Dunn did not err when he declined to award prejudgment interest on the $1,840.07 in constructive-trust funds.  As Judge Dunn noted, the Bankruptcy Appeals Court has held "a constructive trust is [an equitable] remedy; as such it is inchoate until its existence is established by a court order."  *Taylor Assoc. v. Diamant (In re Advent Mgmt. Corp.)*, 178 B.R. 480, 488 (9th Cir. BAP 1995)(citations omitted).  *See also In re Commercial Money Ctr.*, 392 B.R. 814, 831 (9th Cir. BAP 2008)("If there is no . . . court order imposing a constructive trust prepetition, then the right to such a remedy remains inchoate.).  Accordingly, the constructive-trust remedy remained inchoate in this matter until Judge Dunn entered the judgment in the bankruptcy matter awarding a constructive trust and, therefore, there was not any "res" to bear interest before judgment in the bankruptcy proceeding.

The Court further concludes Judge Dunn did not abuse his discretion when he declined to require Dolph to pay the full amount of equity in his residence to the Estate and declined to require Dolph to surrender his residence to the Estate.  Judge

7 - OPINION AND ORDER

Dunn noted the record does not reflect Dolph had been enriched to the extent of the full value of the equity in his residence and, in any event, such a remedy was "unworkable" under the procedural posture of the bankruptcy proceeding and the probate matter.

Finally, the Court concludes Judge Dunn did not err when he declined to modify his Confirmation Order entered December 30, 2004, to remove the requirement of waiving the one-ninth share of Dolph in the Estate as a condition of the confirmation because such a request was untimely.

The Court, therefore, **AFFIRMS** the judgment of the Bankruptcy Court and **ADOPTS** Judge Dunn's June 11, 2008, Memorandum Opinion as the Opinion of this Court.

IT IS SO ORDERED.

DATED this 23rd day of March.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER